

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

MANUEL CRUZ-CHECO,

                                 Petitioner,

           – against –

BRANDON SMITH,

                                 Respondent.

----------------------------------------------------------------- X

**MEMORANDUM
DECISION & ORDER**

16-CV-04642 (AMD)

**ANN M. DONNELLY**, United States District Judge:

    The *pro se* petitioner, currently on supervised release,[1] petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted after a jury trial of three counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[12]) and one count of Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09[1]), and sentenced to an aggregate, determinate prison term of six years and two years of post-release supervision.

    The petitioner claims that the trial court should have granted his motion to suppress physical evidence (ECF No. 2 at 5), and that the evidence against him was legally insufficient (*Id.* at 7). He also claims that the judge should have charged the jury on circumstantial evidence (*Id.* at 8), and that his trial lawyer was ineffective because he did not ask for the charge (*Id.* at 9). For the reasons that follow, the petition for a writ of habeas corpus is denied.

---

[1] The petitioner was incarcerated at Greene Correctional Facility when he filed his petition in July of 2016. A petitioner serving a term of supervised release is "in custody" for the purposes of the federal habeas corpus statute. *Harvey v. People of the City of New York*, 435 F. Supp. 2d 175, 177 (E.D.N.Y. 2006) (citing *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994)).

# FACTUAL BACKGROUND[2]

## I. Overview

On August 23, 2012, police officers Jennifer Cinque and Collin Wynter were on uniformed patrol in Queens when they saw the petitioner and his co-defendant, Christopher Dunleavy, sitting in a parked van. (ECF No. 10-2 at 330:4-11, 332:20-23, 420:19-422:20.) Dunleavy had two crack pipes in his lap, and the petitioner's hand was near a compartment "flap" underneath the front passenger seat (*Id.* at 334:16-22, 425:17-426:17), which was closing when the officers reached the van (*Id.*). The officers took the petitioner and Dunleavy out of the van, and handcuffed them. (*Id.* at 429:2-429:8.) They brought the van back to the precinct, got a search warrant, and found 159 bags of cocaine, 228 decks of heroin, and $343 in cash in the compartment. (*Id.* at 433:4-434:6, 436:25-437:8.)

The petitioner was charged with three counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[12]), one count of Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09[1]), and one count of Criminal Possession of a Controlled Substance in the Seventh Degree. (N.Y. Penal Law § 220.03). (ECF No. 10-2 at 600:9-600:19.)

## II. Pre-Trial Suppression Hearing

The defense moved to suppress the two crack pipes. On August 13, 2013, Judge Ronald Hollie held a combined Dunaway/Mapp hearing on the petitioner's motion. (*Id.* at 1:15-1:18.) Officer Jennifer Cinque testified for the prosecution. (*Id.* at 3:7-3:9.)

Officer Cinque, an officer in the 104th Precinct Street Narcotics Enforcement Unit, testified that on the evening of August 23, 2012, she and her partner, Officer Wynter, were on

---

[2] Because the petitioner was convicted, I summarize the facts in the light most favorable to the verdict. *Garbutt v. Conway*, 668 F.3d 79, 80 (2d Cir. 2012).

uniformed conditions patrol when she saw the petitioner, a known drug dealer, driving a van. (*Id.* at 7:4-19, 8:6-25.) The van stopped near a fire hydrant and another man, Christopher Dunleavy, approached the passenger side. (*Id.* at 9:12, 11:7-25.) Officer Cinque pulled up in front of the van, and she and Officer Wynter got out and approached the vehicle. (*Id.* at 13:10-17, 14:21-15:5.)

The petitioner's right hand was near a compartment "flap" underneath the van passenger seat; the flap was closing. (*Id.* at 15:10-16:15.) Officer Cinque was concerned that there might be a weapon in the car, so she removed the petitioner from the van, handcuffed him, and placed him on the sidewalk. (*Id.* at 17:9-18.) Officer Wynter removed Dunleavy from the van and handcuffed him after a brief struggle. (*Id.* at 17:19-21, 19:4-8.) Officer Wynter handed Officer Cinque the two crack pipes that Dunleavy had on his lap. (*Id.* at 22:12-15.) Officer Cinque examined the passenger area and saw a compartment, which she tried unsuccessfully to open. (*Id.* at 20:15-20, 23:14-15, 45:8-13.)

Next, the officers took the petitioner, Dunleavy, and the van to the precinct. (*Id.* at 23:20-22.) Officer Cinque did a license plate check and found that the van was not registered to the petitioner. (*Id.* at 31:6-32:11.) She got a search warrant for the van, opened the compartment with a crowbar, and found 159 bags of crack cocaine, 228 decks of heroin, and $343. (*Id.* at 24:3-21, 25:8-16.)

The petitioner's counsel argued that Officer Cinque did not have probable cause to arrest the petitioner, and that the two crack pipes should be suppressed.[3] (*Id.* at 47:12-50:2.) Judge Hollie denied the motion to suppress.

---

[3] Specifically, defense counsel said the following: "The question is whether Officer Cinque had probable cause to arrest the defendant initially prior to applying for a search warrant to search the [van]. I submit to this Court that she did not. She had suspicion . . . [s]o I would ask that you suppress those two crack pipes." ECF No. 10-2 at 47:12-50:2.

3

## III. The Trial

The petitioner went to trial before Judge Robert C. Kohm and a jury in January of 2014. (*Id.* at 59.) The prosecution called two witnesses – Officer Cinque and Officer Wynter – and two experts – N.Y.P.D. chemist Radha Kalra, and N.Y.P.D. criminalist Adam Schlessel. The defense did not put on a case. (*Id.* at 487:13-17.)

### A. *Testimony*

On August 23, 2012 at around 8:00 p.m., police officers Cinque and Wynter of the Street Narcotics Enforcement Unit were on uniformed patrol in the 104th precinct. (*Id.* at 330:4-18, 418:24-419:5.) When they saw Christopher Dunleavy approach the passenger's side of a van parked near a fire hydrant (*Id.* at 331:25-332:23, 420:19-422:14), Officer Cinque, the driver, pulled up in front of the van. (*Id.* at 333:11-333:19, 419:19-20.) Officer Cinque went to the driver's side of the van, while Officer Wynter approached the passenger's side. (*Id.* at 334:8-19, 425:16-426:10.)

The petitioner, who was in the driver's seat, was in the process of pulling his hand away from what looked like a compartment under the passenger's seat. (*Id.*) The "flap" was closing. (*Id.* at 425:16-426:10, 463:2-4.) At that point, Officer Cinque opened the driver's side door, removed the petitioner from the van, and handcuffed him. (*Id.* at 429:2-16.) Meanwhile, Officer Wynter saw that Dunleavy had two crack pipes in his lap. (*Id.* at 334:8-19, 354:7-355:6.) Officer Wynter took the crack pipes, put them in his pocket, and handcuffed Dunleavy after a brief struggle. (*Id.* at 336:2-5, 337:10-24.) Officer Wynter handed Officer Cinque the crack pipes for vouchering. (*Id.* at 339:7-340:4.)

Officer Cinque then looked inside the van, and found the compartment underneath the passenger's seat. (*Id.* at 431:3-17.) She took the van to precinct, and got a search warrant to

4

search the compartment.[4] (*Id.* at 431:21-433:3.) She used a crowbar to open the compartment, and found 159 bags of cocaine, 228 decks of heroin, and $343 cash. (*Id.* 433:13-25, 435:8-10, 436:25-437:8.) Radha Kalra, an N.Y.P.D. chemist, confirmed that the bags contained cocaine, and the decks contained heroin. (*Id.* at 378:15-386:2.) Adam Schlessel, an N.Y.P.D. criminalist, tested one of the two crack pipes and determined that it contained cocaine residue. (*Id.* at 406:5-12.)

B. *Jury Charge*

On January 16, 2014, the trial court held a charging conference. (*Id.* at 482:18-485:19.) Neither side requested a circumstantial evidence charge. (*Id.*) The judge charged the jury the next day, January 17, 2014. (*Id.* at 490.)

IV. **Verdict and Sentence**

The jury found the petitioner guilty of three counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[12]) and one count of Criminal Possession of a Controlled Substance in the Fourth Degree. (N.Y. Penal Law § 220.09[1]). (*Id.* at 586:7-587:1, 587:8-21.) The jury acquitted the petitioner of Criminal Possession of a Controlled Substance in the Seventh Degree, (N.Y. Penal Law § 220.03). (*Id.* at 587:2-6, 587:8-21.)

On February 24, 2014, Judge Kohm sentenced the petitioner to concurrent determinate prison terms of six years on each of the Third Degree possession charges and four years on the Fourth Degree possession charge, as well as two concurrent terms of post-release supervision. (*Id.* at 600:9-602:3.)

---

[4] She also ran a license plate check and learned that the petitioner did not own the van. (*Id.* at 472:4-474:5.)

## PROCEDURAL HISTORY

### I. Direct Appeal

The petitioner, represented by counsel, appealed his conviction to the Appellate Division, Second Department. (*See* ECF No. 10 at 1-35.) He argued that the police did not have reasonable suspicion to stop the van, and that the evidence from the compartment should have been suppressed. (*Id.* at 8.) He also argued that the evidence was legally insufficient,[5] and that the trial court should have given a circumstantial evidence charge. (*Id.* at 15, 21.) Finally, he contended that his sentence was excessive. (*Id.* at 26.)

On February 10, 2016, the Appellate Division unanimously affirmed the petitioner's conviction. *People v. Cruz-Checo*, 136 A.D.3d 840 (2d Dep't 2016). The Appellate Division rejected the petitioner's claims, concluding that they were "unpreserved for appellate review" and otherwise meritless. *Id.* at 840. The court found that the evidence "was legally sufficient to establish the defendant's guilt beyond a reasonable doubt," and that a circumstantial evidence jury charge was unnecessary because "the evidence was not wholly circumstantial." *Id.*

The petitioner's application for leave to appeal to the Court of Appeals was denied on May 3, 2016. *People v. Cruz-Checo*, 27 N.Y.3d 1067 (2016).

### II. Habeas Petition

The petitioner filed this *pro se* habeas petition in July of 2016. (ECF No. 2.) He renews his claims that the hearing court should have suppressed the evidence from the van (ECF No. 2 at 5), that the prosecution did not prove his guilt beyond a reasonable doubt (*Id.* at 7), and that the trial judge should have given a circumstantial evidence charge (*Id.* at 8). He also claims that his

---

[5] In the alternative, the petitioner argued that the verdict was against the weight of the evidence. (*Id.* at 15.)

trial lawyer was ineffective because he did not request a circumstantial evidence instruction. (*Id.* at 9). For the reasons that follow, the petition for a writ of habeas corpus is denied.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal court reviewing a state prisoner's habeas petition to give deference to a state court's decision on the merits. 28 U.S.C. § 2254(a). The federal court may not issue a writ of habeas corpus unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Johnson v. Williams*, 568 U.S. 289, 292 (2013); *Chrysler v. Guiney*, 806 F.3d 104, 116-17 (2d Cir. 2015).

For the purposes of federal habeas review, "clearly established law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" or an "unreasonable application of" clearly established law if the decision: (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412-13. The state court's factual determinations are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A petitioner can seek federal habeas corpus relief only after he exhausts state court remedies, and gives the state courts a fair and full opportunity to review the merits of the

claim. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In other words, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)).

## I. Fourth Amendment Claim

The petitioner alleges that the state court should have suppressed the evidence from the van as the product of an unlawful search and seizure. (ECF No. 2 at 5.) Specifically, he claims that Officer Cinque had neither reasonable suspicion nor probable cause to stop the van, and thus all physical evidence collected from the van should have been suppressed. (*Id.*)

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," the introduction at trial of evidence that was obtained through an illegal search or seizure cannot be the basis for a federal habeas corpus relief. *Stone v. Powell*, 428 U.S. 465, 482 (1976). Thus, Fourth Amendment claims in habeas petitions are cognizable only if the state (a) has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) has provided a corrective mechanism, but the petitioner was precluded from using that mechanism because of an unconscionable breakdown in the underlying process. *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). "Federal habeas relief is unavailable even if the federal court might have reached a different result from the state court." *Turner v. Senkowski*, No. 97-CV-653, 2000 WL 575696, at *6 (W.D.N.Y. Feb. 17, 2000) (citing *Capellan v. Riley*, 975 F.2d 67, 71 (2d Cir. 1992)).

The petitioner's Fourth Amendment claim fails because he had the opportunity to litigate his claim at a suppression hearing. *See Blake v. Martuscello*, No. 10-CV-02570, 2013 WL 3456958, at *6 (E.D.N.Y. July 8, 2013) (collecting cases). The petitioner, through counsel,

8

moved to suppress the two crack pipes that Officer Wynter found before Officer Cinque obtained a search warrant, arguing that Officer Cinque did not have probable cause to arrest him. (ECF No. 10-2 at 1:15-18.) Counsel did not challenge the search warrant, or move to suppress the evidence removed from the compartment. After a hearing on the motion, the court denied the motion to suppress. (*Id.* at 56:12-23.) On direct appeal, the petitioner made a different argument; he claimed that Officer Cinque lacked reasonable suspicion – not probable cause – to stop him. (ECF No. 10 at 8.) The Appellate Division rejected the petitioner's claim, concluding that it was "unpreserved because it was not advanced as a ground for suppression at the trial level."[6] *Cruz-Checo*, 136 A.D.3d at 840. Since the petitioner was given a full and fair opportunity to litigate his Fourth Amendment claims in state court, federal habeas review of these claims is unavailable. *See Blake*, 2013 WL 3456958, at *6.

## II. Sufficiency of the Evidence

The petitioner also alleges that "there was no evidence linking [him] to the narcotics" because there was no evidence that he knew about the narcotics or the compartment, since he did not own the van. (ECF No. 2 at 7.) The Appellate Division held that this claim was "unpreserved for appellate review" and otherwise without merit.[7] *Cruz-Checo*, 136 A.D.3d at 840.

An evidentiary sufficiency claim faces a "high bar" in federal habeas proceedings and is subject to "two layers of judicial deference[;]" not only does the jury have broad discretion to

---

[6] The contemporaneous objection rule requires that a criminal defendant preserve a challenge by making a specific and timely objection. *Garvey v. Duncan*, 485 F.3d 709, 714-15 (2d Cir. 2007); *People v. Burton*, 8 A.D.3d 187, 188 (1st Dept. 2004).

[7] When "a state court says that a claim is 'not preserved for appellate review' and then rule[s] 'in any event' on the merits, such a claim is not preserved." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810 n.4 (2d Cir. 2000) (citations omitted).

9

decide the case,[8] but a state court's decision on a sufficiency of the evidence challenge should not be overturned unless it is "objectively unreasonable." *Coleman v. Johnson*, 566 U.S. at 651. Evidence is legally sufficient if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 309, 319 (1979) (emphasis in original) (citations omitted).

When considering the evidentiary sufficiency of a state conviction, "federal courts must look to state law for 'the substantive elements of the criminal offense.'" *Coleman*, 566 U.S. at 654 (citing *Jackson*, 443 U.S. at 324, n.16). In New York, "knowing constructive possession of tangible property is established where the People prove knowledge that the property is present and a sufficient level of control over the area in which the contraband [was] found." *People v. Rodriguez*, 110 A.D.3d 456, 457 (1st Dep't 2013) (citations and internal quotation marks omitted).

Viewing the facts in the light most favorable to the prosecution, a rational trier of fact could have found that the proof established the petitioner's guilt beyond a reasonable doubt. The petitioner was driving a van in which the police found significant quantities of drugs, and the evidence established that the petitioner was apparently in the process of closing the compartment in which the drugs were kept when the police arrived. Under the circumstances, the Appellate Division's decision was not "contrary to," or "an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). Indeed, the evidence amply supported the jury's verdict.

---

[8] "[O]n direct appeal, 'it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (citing *Cavazos v. Smith*, 566 U.S. 1 (2011)).

## III. Circumstantial Evidence Charge

The petitioner contends that the trial judge should have instructed the jury on the concept of circumstantial evidence. (ECF No. 2 at 8.) However, there is no federal constitutional right to a circumstantial evidence charge. *See Martinez v. Reynolds*, 888 F. Supp. 459, 464 (E.D.N.Y. 1995) ("[T]he constitutional right to due process does not require a court to give . . . special jury instructions when a case is founded on circumstantial evidence.") (citing *Holland v. United States*, 348 U.S. 121, 140 (1954)). Moreover, "an instruction on the law of circumstantial evidence is only appropriate" under New York law "if the evidence of a defendant's participation in a crime is *wholly* circumstantial." *Watson v. DHS/ICE*, No. 15-CV-4173, 2019 WL 1473083, at *11 (E.D.N.Y. Mar. 31, 2019) (emphasis in original) (citations omitted).

When the petitioner raised this argument on direct appeal, the Appellate Division held that it was "unpreserved for appellate review" because the petitioner "did not request a circumstantial evidence charge . . . ." *Cruz-Checo*, 136 A.D.3d at 840. In any event, the charge was unnecessary because "the evidence was not wholly circumstantial." *Id.* The Appellate Division's decision is neither contrary to nor an unreasonable application of clearly established Supreme Court law, because the case against the petitioner was based on circumstantial and direct evidence.

## IV. Ineffective Assistance of Trial Counsel

Since a circumstantial evidence charge was not required in this case, the petitioner's attorney cannot be faulted for failing to ask for the charge. *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) ("[W]hen a trial court's instruction is legally correct as given, the failure to request an additional instruction does not constitute deficient performance.") (citations omitted). Accordingly, the petitioner's claim of ineffective assistance cannot succeed.

## CONCLUSION

The petition for writ of habeas corpus is denied in its entirety. The case is dismissed. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Further, the Petitioner's request for counsel (ECF No. 15) is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      September 9, 2019